1  LAW OFFICES OF DAVID S. HAGEN
   David S. Hagen, SBN 110588
2  16830 Ventura  Boulevard, Suite 500
   Encino, California 91436
3  Telephone: (818) 990-4416
   Fax: (818) 990-5680
4  email: davidhagenlaw@gmail.com

5  Attorneys for Malipep, LLC

6

7              **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                  **LOS ANGELES DIVISION**

10
   In re:                          ) No. 2:18-bk-13074-BB
11                                  )     Chapter 7
   ARNETTA TAYLOR,                  )
12                                  ) Adv. 2:18-ap-01106-BB
                 Debtor.           )
13 _____ ) **MALIPEP, LLC'S NOTICE OF**
                                    ) **MOTION AND MOTION FOR ORDER**
14 MALIPEP, LLC,                    ) **REMANDING MATTER TO LOS**
                                    ) **ANGELES SUPERIOR COURT;**
15               Plaintiff,         ) **MEMORANDUM OF POINTS AND**
                                    ) **AUTHORITIES AND DECLARATIONS**
16 v.                              ) **IN SUPPORT**
                                    )
17 GREGORY L. BELCHER, and DOES 1-  ) Date:  May 15, 2018
   10 inclusive,                    ) Time:  2:00 p.m.
18                                  ) Court: 1539
                 Defendants.        )       255 E. Temple St.
19                                  )       Los Angeles, CA 90012
                                    )
20                                  )
21 _____

22

23

24      To: Debtor Arnetta Taylor and here counsel of record:

25      PLEASE TAKE NOTICE that on May 15, 2018 at 2:00 p.m. in

26 Courtroom 1539 of the Honorable Sheri Bluebond, United States

27 Bankruptcy Judge, Malipep, LLC ("Movant") will move the court for

28 an order remanding the above removed adversary proceeding back to

1  the Los Angeles Superior Court on the grounds that the underlying

2  removed action is an action to recover possession of property

3  after foreclosure by Movant.  Debtor, not an original party to

4  the action, intervened and made a claim as a third party in

5  possession of the premises in response to the unlawful detainer

6  complaint filed by Movant.  The removed action does not raise an

7  issue in which the bankruptcy estate has an impact, and is based

8  solely on state law claims.

9       Any opposition to this Motion must be made in writing, filed

10  with the Court and served upon counsel no later than fourteen

11  (14) days prior to the date set for hearing on this matter.

12  Failure to timely oppose the motion may be deemed consent to the

13  relief requested herein.

14       DATED: April 19, 2018

15                              LAW OFFICES OF DAVID S. HAGEN

16

17                              BY:    /s/ DAVID S HAGEN
                                DAVID S. HAGEN, Attorney for
18                              Movant Malipep, LLC

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL BACKGROUND

1.   Movant Malipep, LLC is the owner of certain real property commonly known as 1800 S. Dunsmuir Ave, Los Angeles, CA 90019 ("the Property") by virtue of a foreclosure sale that was conducted by the foreclosure trustee on November 13, 2017. Malipep acquired the property by trustee's deed which was recorded on November 28, 2017 as instrument number 20171364509 and recorded with the Los Angeles County Recorder.  The prior owner was Gregory L. Belcher.

2.   Thereafter, on or about December 7, 2017, Malipep filed a complaint for unlawful detainer against Belcher in the Los Angeles County Superior Court as case number 17STUD04942 ("UD Proceeding").

3.   Belcher responded to the UD Proceeding.  So did Debtor Arnetta Taylor, who asserted that she resided in the premises.

4.   Malipep filed a motion for Summary Judgment in the UD Proceeding in order to establish its right to possession of the property which was originally set for hearing on March 21, 2018.

5.   On March 20, 2018 Debtor Arnetta Taylor filed the instant chapter 7 case and on April 17, 2018 filed a Notice of Removal of the UD Proceeding to this Court.

6.   The Summary Judgment motion was continued to April 18, 2018 along with the trial.  Debtor's counsel had asked to continue both the summary judgment motion and trial, which was refused, and instead the Debtor removed the matter to Bankruptcy Court.

**II.**

**THIS COURT HAS NO JURISDICTION OVER THE UD PROCEEDING**

Removal of state court actions to federal court is governed by 28 U.S.C. Sections 1441-1445.  Removal and remand of actions related to bankruptcy cases is governed by Section 1452 which provides:

(a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title;

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

As set forth in Section 1542, removal to a bankruptcy court requires that the court have jurisdiction of such claim or cause of action under 28 U.S.C. Section 1334.  Under Section 1334, "the district courts shall have original and exclusive jurisdiction of all cases under title 11".  "A matter 'arises under' the Bankruptcy Code if its existence depends on a substantive provision of bankruptcy law, that is, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code."  In re Ray, 624 F.3d 1124, 1131 (9th Cir., 2010).

"A proceeding 'arises in' a case under the Bankruptcy Code if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of

1  action is not expressly rooted in the Bankruptcy Code."  Id.

2      A case is "related to" a case under title 11 if "the outcome

3  of the proceeding could conceivably have any effect on the estate

4  being administered in bankruptcy."  In re Fietz, 852 F.2d 455,

5  457 (9th Cir., 1988)(citing Pacor, Inc. V. Higgins, 743 F.2d 984

6  994 (3rd Cir., 1984)).  Only matters over which the district

7  courts have jurisdiction under Section 1334 are in turn referred

8  to the bankruptcy courts.  28 U.S.C. Section 157(a)("Each

9  district court may provide that any or all cases under title 11

10  and any or all proceedings arising under title 11 or arising or

11  or related to a case under title 11 shall be referred to the

12  bankruptcy judges for the district.").

13      The court strictly construes the removal statutes against

14  removal jurisdiction, and jurisdiction must be rejected if there

15  is any doubt as to the right of removal.  See Gaus v. Miles,

16  Inc., 980 F.2d 564, 566 (9th Cir., 1992).  The party seeking

17  removal bears the burden of establishing federal jurisdiction.

18  See Prize Frize, Inc. V Matrix, Inc., 167 F.3d 1261, 1265 (9th

19  Cir., 1999).

20      Here, the only conceivable type of jurisdiction this court

21  would have for a state unlawful detainer action would be "related

22  to jurisdiction".  "[A] civil proceeding is 'related to' the

23  bankruptcy if its outcome could conceivably have any effect on

24  the bankruptcy estate.  The proceeding need not be against the

25  debtor or the debtor's property.  It is sufficient if the

26  'outcome could alter the debtor's rights, liabilities, options,

27  or freedom of action (either positively or negatively) and which

28  in any way impacts upon the handling and administration of the

1  bankruptcy estate.'" <u>ACI-HDT Supply Co.</u>, 204 B.R. at 237.

2       Here, the foreclosure of the property occurred in November,

3  2017. Movant Malipep acquired the property by trustee's deed by

4  deed recorded on November 28, 2017.  Debtor Taylor, not the prior

5  owner of the property, but merely an occupant, filed the instant

6  bankruptcy proceeding on March 20, 2018.  As a result, the Debtor

7  has no claim to the Property and the Property is not property of

8  debtor's bankruptcy estate.  Because the Property is not property

9  of the bankruptcy estate, the UD Proceeding has no bearing on the

10 administration of the bankruptcy case.  Accordingly, this court

11 does not have jurisdiction over the UD Proceeding because it is

12 not "related to" the bankruptcy.

13                              **III.**

14   **EVEN IF THE UD PROCEEDING WAS "RELATED TO" THE BANKRUPTCY,**

15          **THE COURT SHOULD STILL REMAND THE MATTER**

16       "Bankruptcy courts have broad discretion to remand cases

17 over which they otherwise have jurisdiction on any equitable

18 ground." <u>In re Enron Corp</u>, 296 B.R. 505, 508 (C.D. Cal, 2003).

19 28 U.S.C. Section 1452(b) provides, in pertinent part: "The court

20 to which such claim or cause of action is removed may remand such

21 claim or cause of action on any equitable ground."  "'[E]ven

22 where federal jurisdiction attached in actions 'related to'

23 bankruptcy proceedings, Congress has explicitly provided for

24 courts to find that those matters are more properly adjudicated

25 in state court.'" <u>Parks v. Cardsystem Solutions, Inc.</u>, 2006 WL

26 2917604 (N.D. Cal, October 11, 2006).  Courts generally consider

27 up to fourteen factors in deciding whether to remand a case to

28 state court.  <u>Enron</u> at 508.  Factors courts should consider in

1  deciding whether to remand are:

2       (1) the effect or lack thereof on the efficient

3  administration of the estate if the Court recommends remand or

4  abstention;

5       (2) extent to which state law issues predominate over

6  bankruptcy issues;

7       (3) difficult or unsettled nature of applicable law;

8       (4) presence of related proceeding commenced in state court

9  or other nonbankruptcy proceedings;

10      (5) jurisdictional basis, if any, other than section 1334;

11      (6) degree of relatedness or remoteness of proceeding to

12  main bankruptcy case;

13      (7) the substance rather than the form of an asserted core

14  proceeding;

15      (8) the feasibility of severing state law claims from core

16  bankruptcy matters to allow judgments to be entered in state

17  court with enforcement left to the bankruptcy court;

18      (9) the burden on the bankruptcy court's docket;

19      (10) the likelihood that the commencement of the proceeding

20  in bankruptcy court involves forum shopping by one of the

21  parties;

22      (11) the existence of a right to a jury trial;

23      (12) the presence in the proceeding of non-debtor parties;

24      (13) comity; and

25      (14) the possibility of prejudice to other parties in the

26  action.

27  Id, 508 n. 2.  See also In re Cytodyn of New Mexico, Inc., 374

28  B.R. 733, 738 (Bankr. C.D. Cal, 2007).

1    Here, the majority of the <u>Enron</u> factors weigh in favor of

2  remanding the UD Proceeding.  Remand would have no effect on the

3  efficient administration of debtor's bankruptcy estate.  The

4  property was foreclosed upon pre-petition and debtor did not have

5  an ownership interest even before the foreclosure sale.  The UD

6  Proceeding concerns only state law issues, with which the state

7  court has greater expertise.  Further, there is no jurisdictional

8  basis for this Court to hear this claim outside of Section 1334.

9  Because the property is not property of the estate, there is

10  essentially no relatedness between the UD Proceeding and the

11  debtor's bankruptcy case.

12    This is also not a core proceeding.  The expertise of a

13  bankruptcy court is not needed to determine any of the state law

14  issues.  There is similarly no need to 'sever' state law claims.

15  All of the claims are state law claims.

16    As to the burden on the bankruptcy court, there is nothing

17  particular about this adversary proceeding that implies that it

18  would be more difficult or burdensome for the bankruptcy court

19  than any other adversary proceeding.  However, the issues raised

20  are solely state law issues, which are not generally within the

21  bankruptcy court's expertise.

22    Further, there can be no other conclusion than that the

23  matter was removed to this court to forum shop.  On the eve of a

24  hearing on summary judgment and trial where the Debtor's rights

25  may have been adjudicated to her detriment, she filed a chapter 7

26  case and then removed the matter here, solely to remain in the

27  Property as long as possible.

28    "Comity dictates that California courts should have the

1   right to adjudicate the exclusively state law claims involving

2   California centric plaintiffs and California centric

3   transactions." <u>In re Enron Corp</u>, 295 B.R. 505, 509 (C.D. Cal,

4   2003).  Here, the UD Proceeding involves a California centric

5   plaintiff and California centric transactions and thus there is

6   no particular reason why the expertise of the Bankruptcy Court is

7   necessary to adjudicate the issues.

8        Finally, the Movant has been prejudiced because the UD

9   Proceeding was on the eve of cross summary judgment motions and

10  trial when the bankruptcy proceeding was filed.

11                           **<u>CONCLUSION</u>**

12       Based upon all of the above, remand of the matter back to

13  the Superior Court is appropriate.

14       DATED: April 19, 2018

15                           LAW OFFICES OF DAVID S. HAGEN

16

17                           BY:  ___/S/ DAVID S. HAGEN_____
                                  DAVID S. HAGEN, Attorney for
18                                Movant Malipep, LLC

19

20

21

22

23

24

25

26

27

28

1            **DECLARATION OF EDWARD FELMAN**

2     I, EDWARD FELMAN, hereby declare and state as follows;

3     1.  I am an attorney at law duly licensed to practice law in

4 the State of California and before this Court.  I have personal

5 knowledge of the information provided herein.

6     2.  I and my firm are counsel to Movant Malipep, LLC in an

7 unlawful detainer proceeding brought by Malipep against Gregory

8 L. Belcher, the former owner, prior to foreclosure, of real

9 property commonly known as 1800 S. Dunsmuir Ave., Los Angeles, CA

10 90019 in Los Angeles Superior Court as case number 17STUD90492.

11     3.  Thereafter, after providing Notice to Quit, as required,

12 on or about December 7, 2017, Malipep filed a complaint for

13 unlawful detainer against Belcher in the Los Angeles County

14 Superior Court as case number 17STUD04942 ("UD Proceeding").  A

15 copy of the UD Proceeding is found as an attachment to the

16 Removal Notice at page 7 of 179.

17     4.  Belcher responded to the UD Proceeding.  So did Debtor

18 Arnetta Taylor, who asserted that she occupied the premises.

19     5.  Malipep filed a motion for Summary Judgment in the UD

20 Proceeding in order to establish its right to possession of the

21 property which was originally set for hearing on March 21, 2018.

22 A copy of the Motion and exhibits are attached to the Removal

23 Notice at pages 33-55.

24     6.  On March 20, 2018 Debtor Arnetta Taylor filed the

25 instant chapter 7 case and on April 17, 2018 filed a Notice of

26 Removal of the UD Proceeding to this Court.

27     7.  Malipep filed a motion for relief from stay in this

28 proceeding, which was granted by this Court.

8.   Taylor's attorney had requested that we continue the hearing on summary judgment and the trial, both of which had been set for April 18, 2018, and which we refused to do.  On the morning of April 18 he notified us that the matter had been removed to the bankruptcy court.

I declare under penalty of perjury that the foregoing statements are true and correct, and I could, if called upon, competently testify thereto.

DATED: April 19, 2018

_____
EDWARD FELMAN

1      **DECLARATION OF FIDEL ALONSO**

2      I, FIDEL ALONSO, hereby declare and state as follows:

3      1.  I am the property supervisor for Malipep, LLC and am

4  familiar with the subject Property and could competently testify

5  to the facts stated herein.

6      2.  Movant Malipep, LLC is the owner of certain real

7  property commonly known as 1800 S. Dunsmuir Ave, Los Angeles, CA

8  90019 ("the Property") by virtue of a foreclosure sale that was

9  conducted by the foreclosure trustee on November 13, 2017.

10  Malipep acquired the property by trustee's deed which was

11  recorded on November 28, 2017 as instrument number 20171364509

12  and recorded with the Los Angeles County Recorder.  The prior

13  owner was Gregory L. Belcher.  A copy of the Trustees Deed upon

14  Sale is included as an Exhibit attached to the Notice of Removal

15  filed by Debtor at pages 51-55 of 179.

16      I declare under penalty of perjury that the foregoing

17  statements are true and correct, and I could, if called upon,

18  competently testify thereto.

19      DATED: April 19, 2018

20

21      _Fidel Alonso B_
        FIDEL ALONSO

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16830 Ventura Blvd., Suite 500, Encino, CA 91436-1795

A true and correct copy of the foregoing document entitled (*specify*): MALIPEP, LLC'S NOTICE OF MOTION AND
MOTION FOR ORDER REMANDING MATTER TO LOS ANGELES SUPERIOR COURT; MEMORANDUM OF
POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
04/20/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

Freddie Fletcher, Attorney for Debtor:                    fleefletcher@gmail.com
UST (LA):                                                 ustpregion16.la.ecf@usdoj.gov
Howard Ehrenberg, Chapter 7 Trustee:                      ehrenbergtrustee@sulmeyer.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___04/20/2018_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Hon. Sheri Bluebond, United States Bankruptcy Court, 255 E. Temple St., Courtroom 1539, Los Angeles, CA 90012

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 04/20/2018 | DAVID S. HAGEN | /S/ DAVID S. HAGEN |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## SERVICE LIST

Gregory L. Belcher, MD
22000 Dorsey Way
Saratoga, CA 95079

Gregory L. Belcher, MD
555 Knowles Dr., Suite 200
Los Gatos, CA 95032

Teresa Owens
1800 S. Dunsmuir Ave.
Los Angeles, CA 90019-5227